IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**LORI D. JUSTICE**, individually, and on
behalf of a class of similarly situated persons,

 Plaintiff,

v.                  Civil Action No. 2:17-cv-01997

**CNA NATIONAL WARRANTY
CORPORATION**,

 Defendant.

## NOTICE OF REMOVAL

Comes now Defendant CNA National Warranty Corporation ("CNA") by its counsel, W. Michael Moore, Karen E. Klein and Moore & Biser, PLLC, and hereby files this notice of removal from the Circuit Court of Logan County, West Virginia to the United States District Court for the Southern District of West Virginia pursuant to Pub. L. No. 109-2, 119 Stat. 4 (hereafter "Class Action Fairness Act" or "CAFA") and 28 U.S.C. § 1453. In support, the Defendant states as follows:

1.  This civil action was commenced on February 9, 2017, against CNA National Warranty Corporation in the Circuit Court of Logan County, West Virginia, at Civil Action No. 17-C-55. The Summons was delivered to Defendant CNA National Warranty Corporation on or about February 22, 2017.

2.  The suit arises from the alleged sale by CNA of a financial product referred to as a Guaranteed Auto Protection ("GAP") waiver to Plaintiff Lori Justice on or about August 13, 2014. Plaintiff alleges in her Complaint that she paid $900.00 to CNA for "gap insurance." *Complaint* at ¶ 5. Plaintiff further asserts that CNA was not licensed to sell insurance by the West Virginia Offices of the Insurance Commission, and that by collecting premiums for a policy of insurance that

it was not licensed to sell, CNA violated W. Va. Code § 46A-2-127, the West Virginia Consumer Credit and Protection Act. In fact, CNA does not sell a product called "gap insurance," and the GAP waiver program which it administers for lenders through automobile dealers on vehicle purchases is not an insurance product. When the Complaint alleges that Ms. Justice believes she purchased "gap insurance" from CNA, CNA has interpreted this as an allegation she participated in the GAP waiver program. *See* Affidavit of Rohan Sahasrabudhe, attached as **Exhibit A**, at ¶¶ 3-5.

3. Plaintiff also states that she brings this action on her own behalf and on behalf of all other similarly situated individuals pursuant to Rule 23 of the West Virginia Rules of Civil Procedure. The class is defined in the Complaint as "All West Virginia consumers who purchased 'gap insurance' offered by CNA National Warranty Corporation and were charged a premium."

4. CNA now removes this matter pursuant to the Class Action Fairness Act and 28 U.S.C. § 1453.

5. A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. The federal districts courts have original jurisdiction over class actions as follows: 1) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs;" 2) "any member of a class of plaintiffs is a citizen of a State different from any defendant;" and 3) the number of members of the class is 100 or greater. 28 U.S.C. § 1332(d).

6. Plaintiff has stipulated that she is not seeking to recover in excess of $75,000 with respect to her individual claims. However, the federal removal statute specifically states that "[i]n any class action, the claims of the individual class members ***shall be aggregated*** to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

2

7. Removal must be filed "within 30 days after the service of the summons upon the defendant" (28 U.S.C. § 1446(b)(1)) and the class action removal statute "shall apply to any class action *before or after* the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8) (emphasis added). The Notice of Removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant … in such action." 28 U.S.C. § 1446(a).

8. Plaintiff claims that as a result of the unlawful sale of insurance, CNA has violated the West Virginia Consumer Credit and Protection Act at W. Va. Code §§ 46A-2-127, 46A-6-102, 46A-6-104 and 46A-6-106 and seeks a civil penalty for each violation of Chapter 46A, as well as reasonable attorney fees and costs. If established, each violation of the West Virginia Consumer Credit and Protection Act could subject the Defendant to actual damages *plus* a penalty of up to $1,000 pursuant to W. Va. Code § 46A-5-101(a) ("[T]he consumer has a cause of action to recover: (a) Actual damages; *and* (b) a right in an action to recover from the person violating this chapter a penalty of $1,000 per violation.") (emphasis added). Additionally, W. Va. Code § 46A-6-106 permits recovery of a civil penalty of $200 *or* actual damages, whichever is greater.

9. As set forth in **Exhibit A**, CNA National Warranty Corporation sold 6,209 valid GAP waivers to West Virginia consumers from January through December 2014, the year that Plaintiff Justice allegedly purchased the GAP waiver at issue in this litigation. Of that number, 1,822 of the GAP waivers were later cancelled, leaving a total of 4,387 non-cancelled waivers booked in West Virginia during 2014.

10. Defendant CNA denies that it has violated the West Virginia Consumer Credit and Protection Act or that it sold insurance policies in violation of W. Va. Code § 33-3-1. Further, Defendant CNA denies that any individual or class of individuals is entitled to recover penalties

3

and/or damages from CNA. Nevertheless, solely for purposes of removal, this Defendant states that the potential recovery by the putative class of plaintiffs is in excess of the statutory minimum of $5,000,000.

11. Multiplying the number of 6,209 potential claimants for the year 2014 alone by the statutory damages set forth under W. Va. Code § 46A-5-101 ($1,000 per violation) results in potential damages of $6,209,000, which exceeds the $5,000,000 statutory minimum for removal to federal court.

12. Plaintiff Lori Justice asserts she paid $900 for the GAP waiver. If actual damages under W. Va. Code § 46A-5-101(a) is defined as that fee, such actual damages for the 4,387 potential class members whose waivers were not cancelled could total $3,948,300, for a total of damages and penalties under this statute alone of $10,157,300, more than twice the statutory minimum.

13. Additionally, W. Va. Code § 46A-6-106 states that a Plaintiff who sues under that statute may recover a $200 penalty or actual damages, whichever is greater. For the 1,822 potential class members whose waivers were cancelled and premiums refunded, the potential recovery is the $200 statutory penalty per violation, for a total of $364,400. The 4,387 potential class members whose waivers were not cancelled could not recover actual damages twice under West Virginia law. "A plaintiff may not recover damages twice for the same injury simply because he has two legal theories." Syl. Pt. 7, in part, *Harless v. First Nat. Bank in Fairmont*, 169 W. Va. 673, 674, 289 S.E.2d 692, 694 (1982). Therefore, their potential recovery also is $200 statutory penalty per violation, for a total of $877,400. The total potential recovery by the putative class for the alleged violation of W. Va. Code § 46A-6-106, therefore is $1,241,800.

14. As the Plaintiff has alleged violations of both statutes, all amounts are aggregated for purposes of the statutory minimum for removal under the CAFA. Therefore, the total damages

4

potentially recoverable by the putative class for the alleged violations of the Consumer Credit and Protection Act is $11,399,100, in excess of the statutory minimum of $5,000,000 required for removal under CAFA and 28 U.S.C. § 1332(d).

15. The Plaintiff also seeks attorney fees and costs, pursuant to W. Va. Code § 46A-5-104 and § 46A-5-106(a), which will further increase the potential recovery.

16. A cause of action filed pursuant to Rule 23 of the West Virginia Rules of Civil Procedure is removable to federal court if any member of the class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2). Based upon information and belief, the named Plaintiff, Lori Justice, is a resident of Logan County, West Virginia (*Complaint*, attached as **Exhibit B**, at ¶ 2). Defendant CNA is organized and domiciled in the State of Arizona.

17. Defendant states that although it will dispute on the merits that the Plaintiff and the putative class are entitled to any recovery, the Complaint and this Notice of Removal demonstrate that for the above-mentioned reasons, 1) the amount in controversy exceeds Five Million Dollars ($5,000,000.00) exclusive of costs and interest; 2) the named Plaintiff is a citizen of a State different from Defendant CNA; and 3) the putative class numbers at least 100. Therefore, all conditions of removal under CAFA and 28 U.S.C. § 1332(d) have been met and this Court has original jurisdiction over this Civil Action under the provisions of 28 U.S.C. § 1332. Hence, said civil action may be removed to this Court by Defendant CNA pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

18. The within Notice of Removal has been filed within thirty (30) days of receipt by Defendant CNA of the Summons and Complaint in this matter, excluding the day of service. It contains a short and plain statement of the grounds for removal.

19. Venue lies properly with the United States District Court for the Southern District of West Virginia, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446(a) as this civil action was filed in the Circuit Court of Logan County, West Virginia.

20. Defendant CNA attaches a copy of the Summons and Complaint served upon it as **Exhibit B** and a copy of the docket sheet from the Circuit Court of Logan County, West Virginia, as **Exhibit C**.

21. Defendant CNA has promptly served this Notice of Removal upon all parties of record in the Logan County action, as reflected in the attached Certificate of Service.

22. A copy of this Notice of Removal is being filed simultaneously herewith in the Circuit Court of Logan County, West Virginia, pursuant to 28 U.S.C. § 1446.

**CNA NATIONAL WARRANTY CORPORATION,**

By Counsel,

W. Michael Moore, Esquire (WVSB #5168)
Karen E. Klein, Esquire (WVSB #9350)
**MOORE & BISER PLLC**
317 Fifth Avenue
South Charleston, WV 25303
Phone: 304.414.2300
Fax: 304.414.4506
mmoore@moorebiserlaw.com
kklein@moorebiserlaw.com
www.moorebiserlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**LORI D. JUSTICE**, individually, and on
behalf of a class of similarly situated persons,

    Plaintiff,

v.                                                  Civil Action No. 2:17- cv-01997

**CNA NATIONAL WARRANTY
CORPORATION,**

    Defendant.

## CERTIFICATE OF SERVICE

I, W. Michael Moore, counsel for Defendant CNA National Warranty Corporation, hereby certify that on this 24th day of March, 2017, the foregoing **NOTICE OF REMOVAL** has been electronically filed with the Clerk of the Court using the CM/ECF system. I further certify that I served a true copy of the foregoing upon counsel of record as indicated below by mailing a true copy thereof via the United States mail, in a postage paid envelope:

Jonathan R. Marshall, Esq.
Maigreade B. Burrus, Esq.
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301-2205
*Counsel for Plaintiff*

Steven S. Wolfe, Esq.
J. Christopher White, Esq.
Wolfe, White & Associates
P.O. Box 536
Logan, WV 25601
*Counsel for Plaintiff*

W. Michael Moore, Esquire (WVSB #5168)
Karen E. Klein, Esquire (WVSB #9350)
**MOORE & BISER PLLC**
317 Fifth Avenue
South Charleston, WV 25303
Phone 304.414.2300
Fax    304.414.4506
mmoore@moorebiserlaw.com
kklein@moorebiserlaw.com
www.moorebiserlaw.com